FILED

JUN 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: STAKE CENTER LOCATING, INC., Crime Victim. | No. 13-72062 |
| | D.C. No. 2:13-cr-00089-JCM-GWF-1 |
| STAKE CENTER LOCATING, INC., | |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, LAS VEGAS, | |
| Respondent, | |
| DEBORAH A. DiFRANCESCO, | |
| Defendant - Real Party in Interest, | |
| UNITED STATES OF AMERICA, | |
| Plaintiff - Real Party in Interest. | |

Petition for Writ of Mandamus from the United States District Court
for the District of Nevada

Before:  HAWKINS, GOULD, and WATFORD, Circuit Judges.

PER CURIAM:

Petitioner Stake Center Locating, Inc., a victim of defendant Deborah DiFrancesco's ("DiFrancesco") crimes, petitions for a writ of mandamus pursuant to 18 U.S.C. § 3771, the Crime Victims Rights Act ("CVRA").  Because we find that the petition for a writ of mandamus is premature, we deny the petition.

DiFrancesco was charged with one count of income tax evasion in violation of 26 U.S.C. § 7201 and three counts of wire fraud in violation of 18 U.S.C. § 1343.  On May 29, 2013, pursuant to a plea agreement, DiFrancesco pled guilty to all charges.  In her plea agreement, DiFrancesco agreed to pay petitioner restitution in the amount of $763,846.34.  DiFrancesco's sentencing hearing is scheduled for September 4, 2013.

Prior to DiFrancesco's May 29, 2013 plea hearing, petitioner filed a motion in the district court for relief pursuant to the CVRA and the Mandatory Victim Restitution Act ("MVRA").  In addition to requesting that the district court reject

---

[*]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

13-72062

the plea agreement, petitioner requested mandatory forfeiture of certain assets implicated in DiFrancesco's criminal activities, which are no longer in DiFrancesco's possession. The district court denied petitioner's motion without prejudice. Petitioner challenges this denial.

In reviewing CVRA mandamus petitions, we are not required to balance the factors outlined in *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Rather, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *See Kenna v. United States Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006).

Petitioner's request for restitution is not yet ripe. Victims are provided a right to "full and timely restitution as provided in law" pursuant to the CVRA. 18 U.S.C. § 3771(a)(6). The MVRA provides for restitution "when sentencing a defendant." 18 U.S.C. § 3663A(a)(1); *see also* § 3663A(c)(1) ("This section shall apply in all sentencing proceedings...."). The right to "full and timely restitution" attaches at the defendant's sentencing hearing, where the district court may order restitution after considering the presentence report and other documentation or testimony. *See* 18 U.S.C. § 3664. Because DiFrancesco's sentencing is still pending, petitioner is not currently entitled to restitution. Moreover, the district

court has invited petitioner to renew its request for restitution in connection with

DiFrancesco's sentencing hearing.  *See* May 29, 2013 Transcript at 24.

Because petitioner's claim is unripe, we decline to consider the merits of

petitioner's claims to restitution.  Accordingly, the petition for a writ of mandamus

is denied.

**DENIED.**

# FILED

JUN 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAWKINS, Circuit Judge, concurring:

While I agree it is appropriate to refuse mandamus relief on prematurity

grounds, I would go further and deny the petition on the merits.  Regardless of

whether Petitioner is entitled to restitution from the defendant in this case, the

relief it seeks here -- an order directing the U.S. Attorney to seize assets and a

criminal forfeiture against the I.R.S. -- pertains only to third parties.  Among a

number of flaws in the petition, the authorities Petitioner relies upon, quite

logically, apply only to restitution or forfeiture from criminal defendants.  *See* 18

U.S.C. § 3663A(b) ("[t]he court shall order . . . that the *defendant* make restitution

to the victim of the offense") (emphasis added); Fed. R. Crim. P. 32.2(a) (requiring

that the government provide "notice to the *defendant*" in the indictment or

13-72062

information that it will seek the forfeiture of property) (emphasis added). Absent authority to order the seizure of assets from, or criminal forfeiture against, third parties, this court simply cannot grant the relief Petitioner seeks.

13-72062

**Counsel Listing**

Kenneth P. Childs, Stake Center Locating, Inc., for Petitioner.

Elizabeth Olson White, Appellate Chief and Assistant U.S. Attorney, District of Nevada, for Real Party in Interest United States of America.

Mark B. Bailus, Bailus Cook & Kelesis, Ltd., for Real Party in Interest Deborah DiFrancesco.